# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0234** (Morgan County 10-F-43)

**Myrick Peacock,**
**Defendant Below, Petitioner**

**FILED**

**June 17, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Myrick Peacock, by counsel B. Craig Manford, appeals the February 9, 2015, order of the Circuit Court of Morgan County denying petitioner's "motion for reconsideration of sentence" under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] Respondent State of West Virginia, by counsel Jonathan E. Porter, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2010, petitioner was indicted on six counts of sexual abuse by a custodian, and one misdemeanor count of contributing to the delinquency of a minor. Pursuant to a plea agreement, petitioner agreed to plead guilty to one count of sexual abuse by a custodian. On May 2, 2011, petitioner entered an *Alford/Kennedy* plea,[2] and was sentenced to not less than ten, nor more than twenty years in prison. Petitioner's sentence was suspended in lieu of five years supervised probation.

---

[1]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

[2]In an "*Alford/Kennedy* (*North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), *Kennedy v. Frazier, 178 W.Va. 10, 357 S.E.2d 43* (1987)) plea," a criminal defendant pleads guilty while proclaiming his innocence.

1

On February 28, 2013, petitioner's probation officer filed a petition for revocation of petitioner's probation. The probation officer alleged that petitioner violated the terms and conditions of his probation by registering high blood alcohol content ("BAC") readings on two breathalyzer tests (administered on two separate dates) and for operating his motor vehicle while under the influence of alcohol.[3] Following an April 22, 2013, hearing, the circuit court revoked petitioner's probation.[4] Petitioner then moved the circuit court to continue disposition of his sentence to allow him to enroll in an alcohol rehabilitation program. Petitioner's request for a continuance was granted and, on April 30, 2013, petitioner entered a rehabilitation program. During a July 1, 2013, hearing, the circuit court found that petitioner successfully completed the rehabilitation program and reinstated his probation, under all previous terms and conditions.

On March 17, 2014, petitioner's probation officer filed a second petition for revocation of petitioner's probation. In this petition, the probation officer alleged that petitioner arrived at a March 12, 2014, counseling session intoxicated (with a BAC of 0.95%). That same day, after receiving notification of petitioner's intoxication, petitioner's probation officer directed petitioner to immediately enter into a detoxification program until further decisions were made concerning his probation violation. Despite the directions of his probation officer, petitioner did not immediately enter into a detoxification program. In the late afternoon of March 12, 2014, petitioner's probation officer visited petitioner's residence and discovered: four garbage bags full of empty beer cans and unopened containers of alcohol in a closet; a cold, opened beer can with a straw in the beverage in petitioner's kitchen; and seven syringes and four burnt spoons on top of a cabinet in petitioner's bedroom. Petitioner admitted to his probation officer that he had been drinking alcohol and using drugs (heroin and valium).

At an April 7, 2014, hearing on its petition for revocation of petitioner's probation, the State argued that petitioner's continued release on probation created a "safety issue" to the community. The State noted that: (1) petitioner's underlying criminal charge related to the sexual abuse of a seventeen year old member of petitioner's household and included allegations of petitioner's drug use; (2) petitioner's probation had previously been violated for alcohol use following which petitioner was given another chance at rehabilitation; and (3) petitioner admitted to use of heroin, valium, and alcohol. Petitioner admitted the allegations in the petition to revoke probation filed by the State and waived his right to a hearing.

---

[3]On August 26, 2012, petitioner was at his residence when his probation officer conducted an unscheduled home visit and found the petitioner intoxicated (petitioner's BAC was measured as .07%). On February 28, 2013, petitioner drove himself to the probation office for a scheduled appointment. Petitioner presented with a strong odor of alcohol and fell asleep in the lobby while waiting for his appointment. During his appointment, a breathalyzer test was administered to petitioner and his BAC was measured as .170%. When video surveillance from the judicial center showed that petitioner drove himself to the appointment with his probation officer, he was charged with driving under the influence.

[4]During the hearing, petitioner admitted to the allegations contained in the petition for revocation of probation.

By order dated April 17, 2014, the circuit court revoked petitioner's probation and re-imposed petitioner's original sentence. The court reasoned that in light of the fact that petitioner "graduated from alcohol abuse of a fairly substantial nature" (four garbage bags of empty beer cans), to heroin and valium, that petitioner "represents a danger to the family . . . as well as the greater community at large . . . ." No direct appeal was filed by petitioner from the circuit court's April 17, 2014, order. Instead, a motion for reduction of sentence (and supporting memorandum), pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, was filed on August 4, 2014. In his motion, petitioner advised the court of his medical conditions and attempted to explain why he had not immediately reported to a detoxification program on March 12, 2014, when advised to do so by his probation officer, by offering the affidavit of his wife.[5]

On September 4, 2014, a hearing was held on petitioner's Rule 35(b) motion. At the hearing, the circuit court took petitioner's motion under advisement. Both parties submitted proposed orders to the court. On February 9, 2015, the circuit court entered the State's proposed order which denied petitioner's motion for reduction of sentence finding that there was no change in circumstances presented which would warrant a modification of petitioner's sentence. It is from the February 9, 2015, order that petitioner now appeals.

In syllabus point one of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we held that

> [i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

In support of his appeal herein, petitioner asserts three assignments of error. First, he argues that the circuit court committed plain error and abused its discretion by failing to correct its erroneous ruling revoking petitioner's probation.[6] Second, petitioner argues that the circuit court failed to make any substantive findings of fact and conclusions of law in its order denying petitioner's motion for reduction of sentence. Third, petitioner contends that the circuit court

---

[5]In her affidavit, petitioner's wife attempts to explain the delay in petitioner entering into a detoxification program, by providing a timeline of her activities and communications with petitioner on March 12, 2014.

[6]Petitioner contends that under the provisions of West Virginia Code § 62-12-10(a)(2), he should be sentenced to only one hundred twenty days of incarceration for his probation violation, as opposed to revocation of his probation and re-imposition of the original sentence. However, we note, that West Virginia Code § 62-12-10(c), also provides that "a judge may otherwise depart from the sentence limitations set forth in subdivision (2), subsection (a) of this section . . . ."

3

committed plain error and abused its discretion by denying petitioner's motion given the petitioner's unique circumstances.

Because they are interrelated and both address the propriety of the revocation of petitioner's probation, we address petitioner's first and third assignments of error together. We begin by noting that it is well established that "[p]robation is a matter of grace and not a matter of right," Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Further, we note our ruling in syllabus point four of *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982), wherein we held that "[s]entences imposed by the trial court, if within the statutory limits and if not based on some [im]permissible factor are not subject to appellate review."

Based upon our review of the record herein, we find that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion. It is without dispute that petitioner violated the terms and conditions of his probation on multiple occasions. In fact, the record reveals that petitioner admitted to the alleged violations during the hearings on the petitions for revocation of his probation.[7] Petitioner was given multiple opportunities to conform his behavior to the terms and conditions of his probation, but chose to defy the law and those conditions. In cases where the terms and condition of probation are violated, West Virginia Code § 62-12-10 authorizes revocation of probation.[8] Accordingly, we find that the circuit court did not err in denying petitioner's Rule 35(b) motion. The sentence imposed upon petitioner by the trial court was proper as it was within the statutory limits and was not based on an impermissible factor.

In his second assignment of error, petitioner contends that the circuit court's February 9, 2015, order did not contain findings of fact and conclusions of law sufficient to show the circuit court's reasoning in denying petitioner's motion for reconsideration of sentence.[9] In *State v. Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003), we noted that a trial court's ruling pursuant to Rule 35 motions must contain "requisite findings of fact and conclusions of law to permit meaningful appellate review." (internal quotations and citations omitted). With this precedent in mind, and upon our examination of the circuit court's February 9, 2015, order, we find that the order shows that the circuit court gave due consideration to the contentions in petitioner's Rule 35(b) motion to permit meaningful appellate review.[10] Accordingly, we

---

[7]When making its ruling on the revocation of petitioner's probation, the circuit court had before it evidence related to the extent of petitioner's medical ailments and the circumstances of his alleged probation violations, and considered the same in rendering its decision to revoke petitioner's probation.

[8]*See* W.Va. Code § 62-12-10(c).

[9]Petitioner was critical of the fact the circuit court's order did not address the home study that was ordered by the court at the September 4, 2014, hearing on petitioner's Rule 35(b) motion.

[10]The February 9, 2015, order notes that petitioner "suggests no facts to support" his arguments "that there was a change in his circumstances which would warrant a modification of (continued . . .)

conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  June 17, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

the sentence and no basis to reconsider" the circuit court's April 17, 2014, order revoking petitioner's probation.