# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0982** (Wood County 10-F-58)

**Martin R.,**
**Defendant Below, Petitioner**

**FILED**

**November 3, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Martin R.,[1] pro se, appeals the September 26, 2016, order of the Circuit Court of Wood County denying (1) his motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure; and (2) his motion for appointment of counsel and an evidentiary hearing. Respondent State of West Virginia ("the State"), by counsel Robert L. Hogan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 30, 2010, petitioner pled guilty to two counts of sexual abuse by a parent and one count of first-degree sexual abuse. The victim was petitioner's minor daughter, who was between five and seven years old at the time of the offenses.[2] At the plea hearing, petitioner stated that he was pleading guilty because he did not "want [his] little girl to come back to [c]ourt no more." The State likewise proffered that, though the victim was ready and able to testify if necessary, a plea bargain was not only in the public interest, but also "in the best interest of the juvenile female

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We take judicial notice of the record in petitioner's prior appeal in *State v. Martin R.*, No. 15-0580, 2016 WL 1456077 (W.Va. April 12, 2016) (memorandum decision).

1

victim." Accordingly, petitioner asked the circuit court to accept a plea agreement, whereby he would plead guilty to three counts of a thirteen-count indictment and the State would dismiss the remaining charges.[3] The circuit court accepted the plea agreement and petitioner's guilty pleas, finding that he pled guilty "voluntarily, intelligently, and knowingly."

At an October 12, 2010, sentencing hearing, petitioner sought alternative sentencing in the form of home incarceration or probation. However, the victim's mother made a statement in opposition to petitioner's request for probation.[4] The victim's mother explained that there would be a possibility of a chance meeting with petitioner at locations such as Wal-Mart and the grocery store and the victim "would have to re-live seeing his face and what happened to her again." The victim's mother noted that the victim was in counseling and suffered the effects of abuse such as nightmares and bedwetting. The victim's mother concluded her statement by stating that "the maximum sentence should be imposed."

At the hearing's conclusion, the circuit court denied petitioner's request for alternative sentencing, finding that it was "in the best interest of the community and the State to deny any probation or other forms of alternative sentencing." Accordingly, the circuit court sentenced petitioner to ten to twenty years of incarceration for each count of sexual abuse by a parent and five to twenty-five years of incarceration for one count first-degree sexual abuse and ordered that petitioner serve his sentences consecutively.

By order entered May 15, 2015, the circuit court resentenced petitioner for purposes of appeal. In *State v. Martin R.* ("*Martin R. I*"), No. 15-0580, 2016 WL 1456077, at *1 (W.Va. April 12, 2016) (memorandum decision), this Court affirmed petitioner's convictions and sentences, finding that petitioner provided the factual basis for his guilty pleas at the plea hearing by testifying that "[he] had sexual intercourse or incest—or contact with the victim."

Following this Court's denial of a petition for a rehearing on June 2, 2016, petitioner filed a motion for reduction of sentence in the circuit court, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, on September 16, 2016.[5] In his motion, petitioner asserted that the victim is willing to testify in court and recant her allegations of abuse. Petitioner attached exhibits showing the completion of several classes during his incarceration.[6] Petitioner also filed a motion

---

[3]The indictment charged petitioner with the following offenses: two counts of first-degree sexual assault, five counts of sexual abuse by a parent, four counts of first-degree sexual abuse, one count of incest, and one count of a parent allowing sexual abuse to be inflicted upon a child.

[4]Petitioner and the victim's mother did not live together. Petitioner saw the victim during his visitation with her.

[5]Rule 35(b) provides that a defendant may file a motion for reduction of sentence "within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction."

[6]Petitioner attached certificates of completion for Sex Offender Program Phrase I and (continued . . .)

for appointment of counsel and an evidentiary hearing. By order entered on September 26, 2016, the circuit court denied petitioner's motions based on its "consideration" of them.

Petitioner appeals from the circuit court's September 26, 2016, order denying his Rule 35(b) motion for reduction of sentence. In syllabus point 1 of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

In syllabus point 2 of *Marcum*, we held that that Rule 35(b) "only authorizes a reduction in sentence" and "is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.* at 27; 792 S.E.2d at 38.

On appeal, petitioner contends that the circuit court (1) improperly denied his motion for appointment of counsel and an evidentiary hearing because the victim is willing to testify and recant her allegations of abuse; (2) failed to consider his efforts at rehabilitation during his incarceration; and (3) failed to make sufficient findings to allow meaningful appellate review of its denial of his Rule 35(b) motion. The State counters that the circuit court properly denied petitioner's Rule 35(b) motion and that the representations made in petitioner's Rule 35(b) motion are contradicted by his previous statements and/or testimony.

First, we agree with the State and find that the plea and sentencing hearing transcripts not only contradict the representations made in petitioner's Rule 35(b) motion, but also show that his motion for appointment of counsel and an evidentiary hearing was without merit. *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999) (finding that a hearing on a Rule 35(b) motion is not required where the record establishes that there were adequate hearings when the defendant pled guilty and when he was sentenced). Petitioner stated at the plea hearing that he wanted to spare the victim the ordeal of testifying in court and, once under oath, provided the factual basis for his guilty pleas by testifying that "[he] had sexual intercourse or incest—or contact with the victim." *Martin R. I*, 2016 WL 1456077, at *1. At the sentencing hearing, the victim's mother opposed petitioner's request for probation and gave a thorough explanation of the effect that the abuse was having on the victim. Therefore, given the adequacy of the plea and sentencing hearings, we find that the circuit court was able to decide petitioner's Rule 35(b) motion without appointment of counsel or a hearing.

We address petitioner's remaining two assignments of error together. In sum, petitioner asks for a remand for findings of fact and conclusions of law because we cannot meaningfully

Crime Victims Awareness among other classes.

review whether the circuit court gave due "consideration" to his rehabilitation efforts while incarcerated. Petitioner points out that in *State v Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003) (per curiam), we found that a trial court's ruling pursuant to Rule 35(b) must contain sufficient findings of fact and conclusions of law to permit meaningful appellate review. However, rather than the lack of findings, we find that the crux of petitioner's complaint is that his motion for reduction of sentence was so well-supported that no court could deny it. In essence, petitioner invites us not to believe the circuit court's statement that it gave his motion due "consideration." This, we decline to do.

In *Redman*, we rejected related assignments of error alleging that there was a lack of specific findings and that the trial court failed to fully consider the defendant's rehabilitation efforts, explaining as follows:

> Clearly, a trial judge needs to consider the issue of rehabilitation in making its sentencing decisions. But those decisions are not to be made in a vacuum separate from the relevant facts that weigh on this serious issue and its attendant consequences on the community at large. To submit, as does Appellant, that the trial court utterly failed to consider rehabilitation and failed to explain why rehabilitation was not an option is to ignore the cumulative record in this case.

213 W.Va. at 180-81, 578 S.E.2d at 374-75; *see Head*, 198 W.Va. at 305, 480 S.E.2d at 514 (Cleckley, J., concurring) (stating that "there are many perfectly legitimate reasons for summary rejection of a Rule 35(b) motion, despite the presentation of an otherwise persuasive or sympathetic case by a defendant"). In affirming the circuit court's denial of the Rule 35(b) motion in *Redman*, we found that, while the defendant contended that the court's findings were inadequate, he conceded that the facts of that case were not in dispute. 213 W.Va. at 178, 578 S.E.2d at 372.

Similarly, in the instant case, petitioner does not dispute the State's factual recitation for purposes of this appeal.[7] As we have already explained, the plea and sentencing hearing transcripts not only contradict the representations made in petitioner's Rule 35(b) motion, but also show the seriousness of petitioner's crimes and their long-lasting effect on the minor victim. Therefore, we conclude that, under the facts and circumstances of this case, the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for reduction of sentence. *See Head*, 198 W.Va. at 301, 480 S.E.2d at 510 (finding that the standard for reviewing Rule 35(b) rulings continues "the deference we have traditionally accorded trial courts in matters of sentencing"); Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) (holding that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review").

---

[7]Petitioner states that he is challenging the State's version of the facts in a separate habeas corpus proceeding in the circuit court. *See Marcum*, 238 W.Va. at 31 n.10, 792 S.E.2d at 42 n.10 (noting that a defendant may challenge the validity of his convictions in a habeas proceeding).

For the foregoing reasons, we affirm the circuit court's September 26, 2016, order denying (1) petitioner's motion for reduction of sentence; and (2) his motion for appointment of counsel and an evidentiary hearing.

Affirmed.

**ISSUED**:   November 3, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker