# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 17-0399** (Upshur County 08-F-12)

**Robert J. M.,**
**Defendant Below, Petitioner**

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert J. M.,[1] pro se, appeals the April 20, 2017, order of the Circuit Court of Upshur County denying his amended motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Respondent the State of West Virginia ("the State"), by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner, a school teacher, resided with his wife; his minor son; and his wife's minor daughter, K.D. On or about August 3, 2007, petitioner, who was then about thirty-seven-years old, confessed to his wife that he had been molesting then fourteen-year-old K.D. for the past twelve months. Petitioner's wife reported his confession to the police. An investigation ensued and the police took statements from petitioner's wife and K.D. On January 14, 2008, a grand jury returned an eighty-four count indictment against petitioner that included twenty-two counts of sexual assault in the third degree; thirty-one counts of sexual abuse by a parent, guardian, custodian, or person of trust; and thirty-one counts of incest.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On May 30, 2008, petitioner pled guilty to all eighty-four counts of the indictment. At a September 19, 2008, sentencing hearing, the circuit court sentenced petitioner to an aggregate term of thirty-one to seventy-five years of incarceration by imposing a combination of concurrent and consecutive sentences. Petitioner sought review of the circuit court's judgment order, but this Court refused the appeal by order entered on October 20, 2009.

Petitioner subsequently filed a petition for a writ of habeas corpus on August 3, 2012. By order entered on December 1, 2014, the circuit court denied all relief except for the removal of a prohibition against petitioner having contact with his minor son, finding that it was not an authorized penalty under the statutes under which petitioner was indicted. Petitioner appealed the circuit court's December 1, 2014, order, which was affirmed in *Robert J.M. v. Ballard* ("*Robert J.M. I*"), No. 14-1315, 2016 WL 3369556, at *14 (W.Va. June 17, 2016) (memorandum decision).

In *Robert J.M. I*, this Court found that "petitioner repeatedly confessed his crimes, rejected the State's plea offer, adamantly refused to go to trial, and opted to plead guilty to all eighty-four counts of his indictment." *Id.* at *9. One of the reasons petitioner gave in rejecting the State's plea offer was that he wanted to present mitigating evidence that might result in a lower prison term than the proposed sentence. *Id.* at *2. This Court found that the circuit court properly advised petitioner that he faced a potential sentence substantially greater than the sixteen to fifty years of incarceration specified in the pleas proposal and also rejected his claim that his guilty pleas were not voluntarily, knowingly, or intelligently entered. *Id.* at *3-4 and *6.[2]

Furthermore, in *Robert J.M. I*, in rejecting a claim of ineffective assistance of counsel, this Court found that petitioner's trial attorney sought to undermine a psychiatrist's determination that he was "a sexual sadist" by eliciting testimony showing that the "sexual-sadist" finding resulted from his very short stay at one psychiatric facility and that a psychologist at a second facility, where petitioner had a lengthy stay, did not make that finding. *Id.* at *9.[3] Nevertheless, the psychologist concluded that petitioner "was sexually preoccupied and distorted in his views of sexual behavior as harmless to the victims." *Id.* at *12. Therefore, the Court rejected petitioner's claim that the circuit court impermissibly considered his occupation during sentencing when the position of trust he had with regard to the victim was based on their family relationship other than on his job as a teacher. *Id.*

Following this Court's affirmation in *Robert J.M. I*, petitioner filed an amended motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure on October 31, 2016. Petitioner based the amended motion on two earlier Rule 35(b) motions that

---

[2]Petitioner's decision to plead guilty to the eighty-four counts of the indictment subjected him to a possible sentence of 487 to 1,195 years of incarceration.

[3]Prior to trial, the psychiatrist at the first facility determined that petitioner was criminally responsible and competent to stand trial. Prior to sentencing, the psychologist at the second facility performed a sex offender evaluation.

were never adjudicated by the circuit court.[4] In the amended motion, petitioner stated that "[h]is condition cannot be cured, but it can be controlled." Petitioner contended that, because his sex offender treatment included relapse prevention education, "he falls into a group with the lowest recidivist rate." (Footnote omitted.) Petitioner requested either immediate release, in the form of probation or home confinement, or "in the *near future*" by making all his sentences concurrent. (Emphasis in original.) To his amended motion, petitioner attached various certificates of completion from various West Virginia Division of Corrections ("DOC") classes including the sex offender program, phases I and II.

The circuit court denied petitioner's amended motion for reduction of sentence by order entered on April 20, 2017. The circuit court noted that, in rendering its decision, it reviewed "the [amended] motion, case file, and relevant legal authorities." It is clear that the circuit court also reviewed the attachments to petitioner's amended motion because that court found "it commendable that [petitioner] has sought treatment while incarcerated." The circuit court denied the amended motion because it had "a responsibility to keep the community safe and the [c]ourt is not convinced that eight (8) years in prison is enough time to rehabilitate [petitioner] and protect the community."[5]

Petitioner now appeals the circuit court's April 20, 2017, order denying his amended Rule 35(b) motion for reduction of sentence. In syllabus point 1 of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

---

[4]The first Rule 35(b) motion was filed on January 14, 2009, following the entry of the sentencing order on September 24, 2008. The second Rule 35(b) motion was filed on January 4, 2010, following this Court's refusal of petitioner's appeal on October 20, 2009. Both sentencing and the refusal of an appeal trigger the 120-day time period a defendant has under Rule 35(b) to file a motion for reduction of sentence. With regard to the amended Rule 35(b) motion, in syllabus point 2 of *State ex rel. State v. Sims*, __ W.Va. __, 806 S.E.2d 420 (2017), we held that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence . . . when the motion is filed outside the 120-day filing period[.]" However, Rule 35(b) also requires the circuit court to rule on a motion for reduction of sentence within a reasonable period. In syllabus point 3 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we held that "the determination of what is a 'reasonable period' for a court to rule on a sentence reduction motion, should be based on the facts of each case" and that "[t]his case-by-case analysis is consistent with the language of Rule 35(b)." Because petitioner's two earlier motions were never adjudicated by the circuit court, we accept the State's concession that his amended Rule 35(b) motion was timely filed. Therefore, we proceed to consider the merits of his appeal *infra*.

[5]Petitioner states that he had served a total of ten years of incarceration at the time that the circuit court denied his amended motion for reduction of sentence. We note that "petitioner's bond was revoked for his repeated attempts to contact [the victim] through cards and gifts he sent through his young son." *Robert J. M.*, 2016 WL 3369556, at *12.

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner contends that this Court should reverse the circuit court's order denying his amended Rule 35(b) motion and remand this case for further proceedings because (1) the circuit court made findings insufficient to show that it considered the evidence that he has undertaken extensive rehabilitation efforts while incarcerated; and (2) given the lapse of time since the filing of his original Rule 35(b) motion, the circuit court should have held a hearing (with appointment of counsel) to provide him the opportunity to present his evidence in person. The State counters that both the circuit court's findings and the record were sufficient for the court to deny petitioner's amended Rule 35(b) motion without a hearing and without appointment of counsel. We agree with the State.

In *State v Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003), we found that a circuit court's ruling pursuant to Rule 35(b) must contain sufficient findings of fact and conclusions of law showing those facts that it finds determinative of the issues. In this case, petitioner attached to his amended motion various certificates of completion from various DOC classes including the sex offender program, phases I and II. We find that it is clear that the circuit court reviewed those attachments because the court found "it commendable that [petitioner] has sought treatment while incarcerated." Therefore, rather than an alleged lack of sufficient findings, we conclude that the crux of petitioner's complaint is that his amended motion for reduction of sentence was so well-supported that no court could deny it.

"When considering [Rule] 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice." *Marcum*, 238 W.Va. at 27, 792 S.E.2d at 38, syl. pt. 3 (quoting *Head*, 198 W.Va. at 299, 480 S.E.2d at 508, syl. pt. 5). While petitioner focuses on his rehabilitative efforts since his incarceration, we agree with the State that contrary evidence existing in the record showed that the circuit court properly denied his amended motion despite those efforts. As stated by petitioner, "[h]is condition cannot be cured[.]" The psychiatrist who performed petitioner's competency evaluation determined that he was "a sexual sadist." *Robert J. M. I*, 2016 WL 3369556, at *9. Though a psychologist who performed petitioner's sex offender evaluation did not make that finding, the psychologist concluded that he "was sexually preoccupied and distorted in his views of sexual behavior as harmless to the victims." *Id.* at *12.

In *Robert J. M. I*, we found that it was not impermissible during sentencing for the circuit court to consider that "a serial child molester was working as a school teacher." *Id.* Petitioner contends that, as a registered sex offender, he accepts that he would not be allowed to have contact with minor children. However, "petitioner's bond was revoked for his repeated attempts to contact

[the victim] through cards and gifts he sent through his young son." *Id.* Therefore, we find that the circuit court properly determined that petitioner's amended motion for reduction of sentence should be denied to "protect the community." We further find that the adequacy of the record allowed the circuit court to make that determination without a hearing and without appointment of counsel. *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999). Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's amended Rule 35(b) motion for reduction of sentence.

For the foregoing reasons, we affirm the circuit court's April 20, 2017, order denying his amended Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED**: February 2, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker