# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0850** (Kanawha County 13-F-806)

**Raymond Richardson,**
**Defendant Below, Petitioner**

**FILED**

**March 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Raymond Richardson, pro se, appeals the Circuit Court of Kanawha County's July 7, 2017, order denying his motion to correct his sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, the petitioner argues that the circuit court erred in failing to render specific findings of fact or conclusions of law. The petitioner also argues that the circuit court erred in failing to hold a hearing in this matter. Finally, the petitioner argues that the language contained in the portion of the indictment charging him with first degree robbery is legally insufficient to support a conviction of first degree robbery, thereby rendering the sentence imposed with respect to his conviction for first degree robbery illegal.

This court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the early morning hours of August 24, 2013, the petitioner attacked the sixty-one-year-old victim in her home. The petitioner was in the victim's home for the purpose of selling her cocaine. Following an argument regarding the quality and price of the cocaine, the petitioner punched the victim in the face and stole $103 in cash from the victim.[1] The petitioner was found guilty of the following three felony offenses after a jury trial: first degree robbery, assault during the commission of a felony, and possession with intent to deliver cocaine .

---

[1] For an in-depth discussion of the factual history of the underlying criminal case, *see State v. Richardson,* No. 14-0382, 2016 WL 5030312 (W.Va. Sept. 16, 2016)(memorandum decision).

1

At sentencing, the prosecution offered that the petitioner could have been charged as a three-time offender under the recidivist statute, given his prior kidnapping and unlawful wounding convictions.[2] The State noted his propensity for violence and lack of employment, and further argued that a one-hundred-year sentence was not disproportionate, citing numerous cases. After taking note of the petitioner's prior criminal history, the petitioner was sentenced to a term of one hundred years for robbery, an indeterminate term of two to ten years for assault during the commission of a felony, and an indeterminate term of one to fifteen years for possession with intent to deliver. The sentences were ordered to be served consecutively.

The petitioner appealed his conviction and sentence, and on September 16, 2016, this Court affirmed the circuit court's decision.[3] Following this Court's decision, the petitioner filed a motion pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, which the circuit court denied on July 7, 2017. This appeal follows.

The petitioner asserts two specific assignments of error on appeal. He first argues that the circuit court erred in denying his Rule 35(a) motion without making any findings of fact or conclusions of law. The petitioner next argues that the circuit court erred in denying his motion without having a hearing in this matter. He also generally argues that the language contained in the indictment for first degree robbery is insufficient and, in actuality, is only sufficient to support a conviction for second degree robbery. The petitioner therefore asserts that the sentence of one hundred years imprisonment imposed for the first degree robbery conviction is illegal.

The State asserts that the petitioner's Rule 35(a) motion constitutes an improper request for relief, because it challenges his conviction rather than his sentence. It further asserts that the circuit court properly determined that the petitioner's motion is without merit because the motion itself is an improper request for relief.

Rule 35(a) of the West Virginia Rules of Criminal Procedure provides for the correction of an illegal sentence. We have previously stated that Rule 35 of the West Virginia Rules of Criminal Procedure "does not explicitly require findings of fact and conclusions of law." *See State v. Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003). Moreover, we have previously found that, when new facts have not transpired, "it stands to reason that there would be no additional findings of fact or legal rulings required, other than the granting or denial of the Rule 35 motion itself." *Id.* at 180, 373. We have also held that "under Rule 35(a) of the West Virginia Rules of Criminal Procedure, a trial court has discretion to correct the sentence without

---

[2] In 2002, petitioner pled guilty and was convicted in the Circuit Court of Kanawha County of kidnapping and wanton endangerment, and was sentenced to thirty years in prison. He appealed his sentence and this Court reversed and remanded the case with directions for the circuit court to impose a minimum sentence of ten years in prison. *See State v. Richardson*, 214 W.Va. 410, 589 S.E.2d 552 (2003).

[3] *See supra,* Note 1.

holding a *de novo* resentencing hearing." *See State v. Tex B.S.,* 236 W.Va. 261, 268, 778 S.E.2d 710, 717 (2015).

In the instant case, the petitioner has failed to provide any evidence indicating that additional facts have transpired following the sentencing hearing. In fact, the crux of his argument is that the indictment itself, which was clearly entered well before the sentencing hearing, was insufficient to support a conviction of first degree robbery. It is therefore clear that there were no additional findings of fact for the circuit court to make. Likewise, the circuit court's ruling on the motion itself was the only legal finding necessary under the present circumstances. Furthermore, pursuant to our decision in *State v. Tex B.S.,* the circuit court was not required to hold a hearing in this matter.

We now turn to the petitioner's assertion that the indictment is insufficient to support a conviction for first degree robbery, thereby rendering his sentence for the first degree robbery conviction illegal. A motion filed pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure is not the appropriate mechanism for challenging the sufficiency of an underlying indictment; such a challenge is most appropriately addressed via a petition for a writ of habeas corpus. *See generally Ballard v. Dilworth,* 230 W.Va. 449, 739 S.E.2d 643 (2013). Furthermore, the petitioner appealed his conviction and sentence. This Court affirmed the circuit court's order sentencing the petitioner to a term of one hundred years for the robbery conviction, an indeterminate term of two to ten years for the conviction of assault during the commission of a felony, and an indeterminate term of one to fifteen years for the conviction of possession with intent to deliver.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm the July 7, 2017, order denying petitioner's motion for a correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.

Affirmed.

**ISSUED:** March 9, 2018

**CONCURRED IN BY:**

Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

3