# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs.)  **No. 19-0584** (Monroe County CC-32-2015-F-53)

**Joseph C.,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph C.,[1] by counsel Matthew A. Victor, appeals the Circuit Court of Monroe County's June 19, 2019, order denying petitioner's "Motion to Resentence for Direct Appeal Purposes." The State of West Virginia, by counsel Scott E. Johnson, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's "Motion to Resentence for Direct Appeal Purposes."

Petitioner was indicted by a Monroe County grand jury on or about September 9, 2015, on one count of first-degree sexual assault; one count of sexual abuse by a parent, custodian or guardian; and incest. Petitioner entered a plea agreement, agreeing to plead guilty to sexual abuse by a parent, custodian or guardian and incest, in exchange for the State's dismissal of the first-degree sexual assault count. Petitioner's plea agreement provided that he could be sentenced to ten to twenty years in the penitentiary and fined between $500 to $5,000 for the conviction of sexual

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

abuse by parent, custodian or guardian, and that he could be sentenced to between five to fifteen years in the penitentiary and be fined between $500 to $5,000,on the incest conviction. The circuit court sentenced petitioner to ten to twenty years in prison for the count of sexual abuse by a parent, custodian, or guardian and five to fifteen years in prison for the count of incest, with the sentences to run consecutively.

On October 5, 2017, petitioner sent a letter to the circuit court stating that after his sentencing he had repeatedly asked his trial counsel to file a motion for reconsideration of his sentence. Petitioner further stated that his trial counsel had not answered any of his calls or letters. Thereafter, on October 10, 2017, the circuit court entered an order appointing Attorney E. Lavoyd Morgan, Jr., for the purpose of representing petitioner on appeal. On April 9, 2019, petitioner sent Mr. Morgan a letter asking for a copy of his case file "to get the ball rolling on [his] habeas." Petitioner sent Mr. Morgan another letter on May 4, 2019, asking for a copy of his case file. The docket sheet does not reflect that Mr. Morgan filed any motions on behalf of petitioner.

On June 19, 2019, petitioner, a self-represented litigant, filed a "Motion to Resentence for Direct Appeal Purposes." Petitioner's motion noted that he told his trial counsel that he desired to file an appeal challenging the proportionality of his sentence among other things. Petitioner further contended that his appointed counsel, Mr. Morgan, failed to file an appeal. In his motion, petitioner asserted that: (1) he had a right to appeal his conviction from a guilty plea; (2) appellate rights cannot be destroyed by counsel's inactions or a defendant's delay in notifying the court of such inaction; (3) trial counsel should have known that petitioner desired to file an a appeal, as a rational defendant would want to appeal a disproportionate sentence; and (4) petitioner cannot reasonably demonstrate to counsel a desire to appeal if counsel does not consult with petitioner on that issue.

Without holding a hearing, and on the same day that the motion was filed, the circuit court denied petitioner's motion by order entered on June 19, 2019, without making any findings of fact or conclusions of law. The entirety of that order provided as follows: "Motion to Resentence for Direct Appeal Purposes filed by Clerk is hereby DENIED." Petitioner appeals from that June 19, 2019, order.[2]

Our  standard of review has been stated as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

---

[2] Petitioner filed a notice of intent to appeal the circuit court's denial of his motion for resentence. Following this filing, the circuit court appointed Mr. Victor to represent petitioner for appellate purposes in this matter.

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to resentence for purposes of pursuing a direct appeal. The State concedes that the circuit court's order lacks appropriate findings of fact and conclusions of law supporting its decision "to permit meaningful appellate review" by this Court. *State v. Redman,* 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003). As this Court has found,

> [w]ithout findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

We, therefore, vacate the circuit court's June 19, 2019, order denying petitioner's "Motion to Resentence for Direct Appeal Purposes." Upon remand, the circuit court shall set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the event that petitioner elects to file an appeal.

Vacated and remanded.

**ISSUED:** September 4, **2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3