## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0898** (Marion County 18-F-32)

**Jeffrey Dumire,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Jeffrey Dumire appeals the Circuit Court of Marion County's September 6, 2019, order denying petitioner's "Motion to Resentence for Direct Appeal Purposes" and "Motion for Appointment of Appellate Counsel." The State of West Virginia, by counsel Holly M. Flanigan, filed a response asserting that because the circuit court's order is insufficient as a matter of law, this Court should remand this case to the circuit court with directions to enter an order containing appropriate findings of fact and conclusions of law. On appeal, petitioner argues that the circuit court erred in denying his motion for resentencing without setting forth any findings of fact or conclusions of law.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for specific findings of fact and conclusions of law regarding petitioner's "Motion to Resentence for Direct Appeal Purposes."

Petitioner was indicted by a Marion County grand jury in July of 2017 on two counts of first-degree sexual abuse and one count of sexual abuse by a parent, guardian, or custodian. In June of 2018, petitioner entered into a plea agreement, agreeing to plead guilty to one count of first-degree sexual abuse; one count of sexual abuse by a parent, guardian, or custodian; and one count of first-degree sexual assault. Following the entry of petitioner's plea, in September of 2018, the circuit court sentenced petitioner to 40 to 145 years of incarceration for his various convictions.

In October of 2018, petitioner sent a letter to his trial counsel, Mr. Zachary Dyer, asking him to file a notice of intent to appeal, a petition for suspension of his sentence, a petition for

1

correction or reduction of his sentence, and a copy of discovery, among other requests. The docket sheet does not reflect that Mr. Dyer filed any motions on behalf of petitioner.

On August 21, 2019, petitioner, without counsel, filed a "Motion to Resentence for Direct Appeal Purposes" and "Motion for Appointment of Appellate Counsel." Petitioner's motion for resentencing noted that he told his trial counsel that he desired to file an appeal challenging his sentence on various grounds. Petitioner further contended that his trial counsel, Mr. Dyer, failed to file an appeal. In his resentencing motion, petitioner asserted that: (1) he had a right to appeal his conviction from a guilty plea; (2) appellate rights cannot be destroyed by counsel's inactions or a defendant's delay in notifying the court of such inaction; (3) trial counsel should have known that petitioner desired to file an appeal, as a rational defendant would want to appeal a disproportionate sentence; (4) petitioner communicated to counsel a desire to appeal; and (5) due to trial counsel's deficient performance, petitioner is entitled to resentencing.

The next month, without holding a hearing, the circuit court denied petitioner's motions without making any findings of fact or conclusions of law. The order provided as follows:

> On August 21, 2019, a "Motion to Resentence for Direct Appeal Purposes" and a "Motion for Appointment of Appellate Counsel" were filed by the defendant, Jeffrey Dumire, pro se.
>
> Having reviewed the written motions, as well as the entire court file, this [c]ourt is of the opinion that there are no appealable issues, that the defendant is not entitled to the relief sought in his motions and, further, that no hearing with regard thereto is warranted.
>
> Accordingly, it is ORDERED that defendant's Motion to Resentence for Direct Appeal Purposes and Motion for Appointment of Appellate Counsel are hereby DENIED, without hearing.

Petitioner appeals from that September 6, 2019, order.

Our standard of review has been stated as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to resentence for purposes of pursuing a direct appeal. The State concedes that the circuit court's order does not contain appropriate findings of fact and conclusions of law "to permit

meaningful appellate review" by this Court. *State v. Redman,* 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003). As this Court has found,

> [w]ithout findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

We, therefore, vacate the circuit court's September 6, 2019, order denying petitioner's "Motion to Resentence for Direct Appeal Purposes" and "Motion for Appointment of Appellate Counsel." Upon remand, the circuit court shall enter an order setting forth findings of fact and conclusions of law sufficient to allow meaningful appellate review in the event that petitioner elects to file an appeal.

Vacated and remanded.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison