## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0619** (Kanawha County 11-F-319)

**Shane Peck,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Shane Peck appeals the July 7, 2021, order of the Circuit Court of Kanawha County, which denied his motion to rescind his indictment.[1] On appeal, petitioner argues that the circuit court's order did not contain findings of fact and conclusions of law sufficient to allow for meaningful appellate review. Having carefully examined the matter, we agree with petitioner on this point. Accordingly, we vacate the circuit court's July 7, 2021, order and remand this case to the circuit court for entry of an appropriate order. Because we find that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure, it is appropriate for disposition by a memorandum decision. *See* W. Va. R. App. P. 21(d).

Petitioner was indicted in 2011. Later that same year, petitioner pleaded guilty to burglary, assault during the commission of a felony, and first-degree robbery as charged in Counts Four, Five, and Six in the indictment. He was sentenced to a determinate term of incarceration of seventy-five years for the first-degree robbery conviction, a concurrent term of incarceration of two to ten years for the assault during the commission of a felony conviction, and a consecutive term of incarceration of one to fifteen years for his burglary conviction.[2]

On July 2, 2021, petitioner, acting without the assistance of counsel, filed a motion to rescind his indictment and a motion for appointment of counsel. In the motion to rescind, petitioner argued that the prosecuting attorney obtained the indictment against him through "willful,

---

[1] Petitioner is self-represented in this appeal. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

[2] A detailed recitation of the facts giving rise to the charges is provided in *Peck v. Plumley*, No. 14-0421, 2015 WL 1231998 (W. Va. Mar. 16, 2015) (memorandum decision). In *Peck*, the Court affirmed the circuit court's denial of petitioner's petition for a writ of habeas corpus.

intentional fraud" and "false, fabricated evidence and testimony." He alleged that an affidavit of a witness, which was executed in May of 2021 and which petitioner characterized as newly discovered evidence, established the prosecutor's wrongdoing.

The circuit court entered an order on July 7, 2021, which stated:

> The Court is in receipt of a Motion to Rescind Indictment, filed on behalf of the defendant, Shane Peck. On the 16th day of May, 2011, the Defendant pled guilty to the felony offenses of First Degree Robbery with a Firearm, Assault During the Commission of a Felony, and Burglary by Breaking and Entering, as contained in Counts Four, Five, and Six of Felony Indictment Number 11-F-319.
>
> The Court finds after consideration of the facts and circumstances that the sentence imposed is proper. Accordingly the motion for reduction of sentence is hereby ORDERED DENIED and that this action is DISMISSED from the docket of this Court.

The court entered the order without holding a hearing on petitioner's motion.[3]

Petitioner appeals this order, arguing that it did not contain findings of fact and conclusions of law sufficient to allow for meaningful appellate review.[4] We have said that "rulings issued by trial courts, as a rule, must contain the requisite findings of fact and conclusions of law 'to permit meaningful appellate review.'" *State v. Redman*, 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003) (quoting, in part, Syl. Pt. 3, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014)). We have further recognized that when the lack of findings of fact and conclusions of law renders us "unable to determine the basis for the court's decision and whether any error has occurred," "it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur." *Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010). Here, because the order makes no findings of fact or conclusions of law relevant to petitioner's motions, we are unable to determine the basis for the circuit court's decision and whether any error has occurred. Therefore, the matter must be remanded to the circuit court.

---

[3] Although the circuit court's order references a motion for reduction of sentence, the only motions pending before the circuit court at the time were petitioner's motion to rescind the indictment and motion for appointment of counsel. It is clear that this order was intended to be the court's ruling on the motion to rescind. The circuit court did not issue a ruling on petitioner's motion for appointment of counsel.

[4] Petitioner also argues on appeal that the circuit court inadvertently or mistakenly treated petitioner's motion to rescind the indictment as a motion for reduction for sentence. We need not address this argument because we determine that the order does not contain adequate findings of fact and conclusions of law to enable us to adequately review the decision.

For the foregoing reasons, we vacate the circuit court's July 7, 2021, order and remand the matter to the circuit court. Upon remand, the circuit court shall enter an order setting forth findings of fact and conclusions of law sufficient to allow meaningful appellate review should petitioner elect to file another appeal.

Vacated and remanded.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn