# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**November 1, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LOGAN GENERAL HOSPITAL, LLC,**
**d/b/a LOGAN REGIONAL MEDICAL CENTER**
**and RURAL HEALTH ACCESS CORPORATION,**
**d/b/a COALFIELD HEALTH CENTER,**
**Respondents Below, Petitioners**

**vs.) No. 23-ICA-134**         (CON File No. 22-2-12445-P)

**BOONE MEMORIAL HOSPITAL, INC.,**
**Applicant Below, Respondent**

**and**

**WEST VIRGINIA HEALTH CARE AUTHORITY,**
**Respondent**

## MEMORANDUM DECISION

Petitioners Logan General Hospital, LLC, d/b/a Logan Regional Medical Center ("Logan Medical"), and Rural Health Access Corporation, d/b/a Coalfield Health Center ("Coalfield") appeal the March 20, 2023, decision of the West Virginia Health Care Authority ("Authority"), which granted the Certificate of Need ("CON") application of Respondent Boone Memorial Hospital ("Boone Memorial") for the development of a new ambulatory care center in Chapmanville, Logan County, West Virginia. Respondents Boone Memorial and the Authority each filed a response.[1] Logan Medical and Coalfield filed a joint reply. The primary issue on appeal is the sufficiency of the Authority's decision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that the Authority's order lacks sufficient findings of fact and conclusions of law for a meaningful appellate review Accordingly, a memorandum decision vacating the Authority's decision and remanding the matter to the Authority for

---

[1] Logan Regional Medical Center is represented by Alaina N. Crislip, Esq., and Neil C. Brown, Esq., and Coalfield Health Center is represented by Brock Malcolm, Esq. Boone Memorial Hospital is represented by L. Elizabeth King, Esq., and Caleb P. Knight, Esq. The Authority is represented by Heather A. Connolly, Esq.

1

entry of amended decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

On June 13, 2022, Boone Memorial filed a CON application, proposing to develop an ambulatory care center in Chapmanville, Logan County, West Virginia. According to the CON, the stated objective of this project is to develop an ambulatory care center staffed by an employed, mid-level provider to provide primary care services to residents from Boone County, Lincoln County, and Logan County. Both Logan Medical's and Coalfield's requests for affected party status and an administrative hearing were granted by the Authority. Although details about the hearing are absent from the Authority's decision, based upon the designated record, the administrative hearing on the CON application was held on October 20, 2022. On March 20, 2023, the Authority issued a forty-page decision granting Boone Memorial's CON application.[2] This appeal followed.

Pursuant to West Virginia Code §§ 16-2D-16a (2021) and 29A-5-4(g) (2021), our standard of review is as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Logan Medical and Coalfield argue that the Authority's decision lacks findings as to the evidence adduced, as well as any analysis to support its findings that Boone Memorial had met all CON criteria. *See generally* W. Va. Code § 16-2D-12 (2016). We agree.

Upon review, the Court finds that the Authority's forty-page decision fails to contain adequate findings of fact and conclusions of law to support its decision to grant Boone Memorial's CON application. Instead, the decision merely contains the procedural history of the case prior to the administrative hearing and recites the arguments of the parties for

---

[2] This Court granted Logan Medical's and Coalfield's joint motion for stay of this decision on June 2, 2023.

each of the CON factors the Authority must consider. The decision offers no analysis or rationale by the Authority to support its findings that these several factors were met. Rather, the Authority uses several single sentences and conclusory statements to find that each factor had been satisfied. Our review of the record reveals that the Authority heard testimony from several witnesses and admitted several exhibits during the administrative hearing; however, the decision is devoid of any findings or discussion as to the testimony of those witnesses or the exhibits in the record. In fact, as previously noted, the Authority's decision even fails to make any findings acknowledging that the administrative hearing was held at all.

Pursuant to West Virginia Code § 16-2D-13(g)(3) (2017), "[t]he [A]uthority shall conduct the administrative hearing in accordance with administrative hearing requirements in section twelve, article twenty-nine-b of this chapter and article five, chapter twenty-nine-a of this code." West Virginia Code § 16-29B-12(e) (2017) further requires:

> After any hearing, after due deliberation, and in consideration of all the testimony, the evidence and the total record made, the board shall render a decision in writing. The written decision shall be accompanied by findings of fact and conclusions of law as specified in section three, article five, chapter twenty-nine-a of this code, and the copy of the decision and accompanying findings and conclusions shall be served by certified mail, return receipt requested, upon the party demanding the hearing, and upon its attorney of record, if any.

Additionally, West Virginia Code § 29A-5-3 (1964) mandates:

> Every final order or decision rendered by any agency in a contested case shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. Prior to the rendering of any final order or decision, any party may propose findings of fact and conclusions of law. If proposed, all other parties shall be given an opportunity to except to such proposed findings and conclusions, and the final order or decision shall include a ruling on each proposed finding. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

W. Va. Code § 29A-5-3, in part. Therefore, we find that under the plain language of these statutes, Authority decisions "must contain the requisite findings of fact and conclusion of law for meaningful appellate review." *State v. Redman*, 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003) (citations omitted).

Without the Authority providing sufficient findings of fact and conclusions of law as required by statute, this Court is left to speculate as to the reasonings behind the

Agency's rulings. However, courts cannot engage in speculation, and we refuse to do so here. As our Supreme Court of Appeals has recognized:

> Without findings of fact and conclusions of law, [an appellate court] is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010). We find this rationale equally instructive when considering the sufficiency of decisions issued by administrative tribunals. Here, because the Authority's decision makes no findings of fact or conclusions of law relevant to the substantial evidence adduced at the administrative hearing, and also fails to set forth any analysis or rationale for any of its findings and conclusions related to the statutory CON factors it is required to consider, we are unable to determine the bases for the Authority's decision and whether any error has occurred. Therefore, we must remand the matter to the Authority for entry of an amended decision with the required findings of fact and conclusions of law.

Accordingly, we vacate the Authority's March 20, 2023, decision and remand the matter to the Authority. Upon remand, the Authority shall enter an amended order setting forth findings of facts and conclusions of law, sufficient to allow for meaningful appellate review should Logan Medical or Coalfield elect to file another appeal.

Vacated and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen