**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Terry Kyle,
**Claimant Below, Petitioner**

**v.)**    **No. 25-605**    (JCN: 2023009277)
(ICA No. 25-ICA-33)

**Patriot Coal Corporation,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Kyle appeals the August 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Kyle v. Patriot Coal Corp.*, No. 25-ICA-33, 2025 WL 2255231 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Respondent Patriot Coal Corporation filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 20, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's May 11, 2023, order granting 0% permanent partial disability for occupational pneumoconiosis ("OP"). Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

In February 2022, the claimant completed an employees' and physicians' report of OP. The claimant indicated that he was last exposed to occupational dust in November 2015 when he ceased working due to health issues. The claimant stated that he became short of breath when walking, bending over, and carrying groceries. The physicians' portion of the form was completed by Erica Stanley, APRN, FNP-BC, and Richard Spencer, M.D. Ms. Stanley and Dr. Spencer indicated that the claimant had mild OP. The physicians' portion of the form noted that the claimant's lungs were clear and that exertion caused shortness of breath. Ms. Stanley found normal breath sounds. In January 2023, the claim administrator found that the claimant was entitled to the statutory presumption that any chronic respiratory disability resulted from his employment and referred him to the Occupational Pneumoconiosis Board ("OP Board").

The OP Board evaluated the claimant in March 2023 and noted that he was exposed to occupational dust for twenty-three years. The OP Board observed that the claimant was diagnosed with prostate cancer in 2013 and that it caused his cessation of work in 2015. The claimant was

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and the employer appears by counsel T. Jonathan Cook.

taking bronchodilator medication at the time of his examination by the OP Board. The OP Board found insufficient x-ray evidence of pleural or parenchymal changes to support a diagnosis of OP. The OP Board's pulmonary function study could not be used to determine impairment because the claimant had a carboxyhemoglobin level of 4.6. Based upon the OP Board's findings, the claim administrator granted 0% permanent partial disability for OP.

In July 2023 and April 2024, the claimant underwent two additional pulmonary function studies. The July 2023 study showed a carboxyhemoglobin level of 2.8, and the April 2024 study showed a carboxyhemoglobin level of 2.1. At the September 2024 final hearing, the OP Board testified that the July 2023 and April 2024 pulmonary function studies could be used to determine impairment because their carboxyhemoglobin readings were within acceptable limits.[2] The July 2023 study showed 10% pulmonary impairment, and the April 2024 study showed 0% pulmonary impairment. The OP Board stated that the July 2023 study and the April 2024 study were only minimally different from each other. The OP Board testified that pulmonary function studies frequently show fluctuating diffusion values due to test-retest variability given that "a person is different on different days." The OP Board explained that the pulmonary function study with the best volumes most accurately shows the extent of a claimant's breathing capacity. In this case, the OP Board found that the April 2024 study, showing 0% pulmonary impairment, had the best volumes. The OP Board also confirmed its finding that there was no x-ray evidence of OP.

On December 20, 2024, based upon the OP Board's final hearing testimony, the Board of Review affirmed the claim administrator's order granting 0% permanent partial disability for OP, concluding that the OP Board's findings were not clearly wrong. In *Kyle v. Patriot Coal Corp.*, No. 25-ICA-33, 2025 WL 2255231 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision), the ICA affirmed. *Id.* at *4.

The claimant now appeals the ICA's affirmation of the Board of Review's December 20, 2024, order. This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, the claimant argues that the Board of Review erred in affirming the claim administrator's order granting 0% permanent partial disability for OP. Initially, the claimant points out that the ICA observed that the Board of Review's order "lacks reasoning." 2025 WL 2255231, *3 n.3. However, the ICA also stated that the Board of Review "applied the correct standard of review" when it found that the OP Board was not clearly wrong. *Id.* at *3. Based upon our review of the Board of Review's order, it is sufficient to allow the ICA and this Court to engage in meaningful appellate review of the Board of Review's decision. *See State v. Redman*, 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003) (rulings issued by lower tribunals "must contain the requisite findings of fact and conclusions of law 'to permit meaningful appellate review'") (quoting Syl. Pt.

---

[2] A high carboxyhemoglobin level is associated with cigarette smoking. However, the claimant's medical records consistently identify him as a non-smoker. The OP Board stated that it was not sure why the claimant had a high carboxyhemoglobin level during the pulmonary function study it administered in March 2023.

3, in part, *Fayette Cnty. Nat'l Bank v. Lilly,* 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014)).

The claimant further argues that, pursuant to West Virginia Code § 23-4-1g(a), the lower tribunals should have granted him a 10% permanent partial disability award for OP based upon the July 2023 pulmonary function study due to the evidence being in equipoise.[3] The employer counters that West Virginia Code § 23-4-1g(a) does not apply to this case. We agree with the employer. The evidence is not in equipoise. The OP Board found that the April 2024 pulmonary function study, showing 0% impairment, had the best volumes. West Virginia Code § 23-4-6a provides that this Court "shall affirm the decision of the [OP] Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." The claimant has not met his burden of establishing that the OP Board was clearly wrong in its decision. Because the OP Board was not clearly wrong, the Board of Review, as affirmed by the ICA, did not err in affirming the claim administrator's order granting 0% permanent partial disability for OP.

Affirmed.

**ISSUED: January 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] West Virginia Code § 23-4-1g(a) provides, in pertinent part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."