**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff below, Respondent**

**v.) No. 24-44** (Mineral County CC-29-1994-F-27)

**Charlton A. Horton, Jr.,**
**Defendant below, Petitioner**

## MEMORANDUM DECISION

Petitioner Charlton A. Horton, Jr. appeals the December 21, 2023, order of the Circuit Court of Mineral County denying his motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The petitioner argues that the circuit court denied his Rule 35(b) motion based upon the erroneous conclusion that it lacked the authority to grant a request for home incarceration as alternative sentencing made by a defendant who is serving a life term of incarceration without the possibility of parole for first-degree murder. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In January 1994, when the petitioner was eighteen years old, he participated in an assault where the victim was beaten to death with a baseball bat or another blunt instrument. A jury convicted the petitioner of first-degree murder and did not make a recommendation of mercy. Therefore, at an October 4, 1995, sentencing hearing,[2] the circuit court sentenced the petitioner to a life term of incarceration without the possibility of parole.[3] On January 22, 1996, the petitioner timely filed a motion for reduction of sentence within the 120-day filing period provided by Rule 35(b) of the West Virginia Rules of Criminal Procedure. For reasons not apparent in the record, the circuit court never ruled on the petitioner's Rule 35(b) motion at that time.

---

[1] The petitioner appears by counsel Jeremy B. Cooper, and the State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] We have held that "[a] sentence is 'imposed' for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing." Syl. Pt. 4, *State v. Keefer*, 247 W. Va. 384, 880 S.E.2d 106 (2022).

[3] This Court affirmed the petitioner's conviction for first degree murder in *State v. Horton*, 203 W. Va. 9, 506 S.E.2d 46 (1998).

1

Following this Court's affirmation of the circuit court's denial of a petition for a writ of habeas corpus, alleging that the petitioner was entitled to relief from his conviction due to the presentation of false serology evidence at his trial,[4] the petitioner asked to be resentenced in March 2020 for the purpose of filing a motion for reduction of sentence within a renewed 120-day filing period under Rule 35(b). The circuit court appointed counsel, who discovered that the circuit court never ruled on the petitioner's Rule 35(b) motion from January 1996. Accordingly, the petitioner sought a hearing on his previously filed Rule 35(b) motion and submitted letters of support from various individuals, including relatives, community members, and persons who had been incarcerated with him. Several of those persons participated in a YouTube video in support of the petitioner's motion for reduction of sentence. In a supplement to his Rule 35(b) motion, the petitioner argued that the circuit court should allow him to serve his life sentence in home incarceration as alternative sentencing. Toward that goal, the petitioner marked many of the letters of support as containing potential home plans.[5]

The circuit court held a hearing on the petitioner's Rule 35(b) motion on December 4, 2023. The circuit court noted that it had reviewed all of the petitioner's letters of support, and the court watched the YouTube video during the hearing. The petitioner presented the testimony of Dr. Mark Hubble, a formerly incarcerated person, who was at Mount Olive Correctional Complex and Jail with the petitioner. The circuit court questioned whether it had the authority under the Home Incarceration Act, West Virginia Code §§ 62-11B-1 to 62-11B-13, to grant a request for home incarceration as alternative sentencing made by a defendant who is serving a life term of incarceration without the possibility of parole for first-degree murder. The circuit court observed there was "no precedent" for home incarceration for a defendant like the petitioner. Ultimately, the circuit court rejected the petitioner's request on its merits, stating that it "couldn't imagine anything worse" than being in a correctional facility, but such was the usual consequence of criminal behavior. The circuit court noted that the petitioner was a young man at the time of the murder but that he "beat a man to death with a ball bat." The circuit court found that home incarceration would be "pretty nominal punishment for somebody who committed first degree murder." Therefore, the circuit court denied the petitioner's Rule 35(b) motion for reduction of sentence based upon all of the circumstances of the petitioner's case. In its written order, entered on December 21, 2023, the circuit court reiterated that there was "no precedent" for home incarceration for a defendant like the petitioner and that it was denying the petitioner's motion due to "the totality of the circumstances."

The petitioner appeals the circuit court's December 21, 2023, order denying his motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and

---

[4] In affirming the denial of habeas relief in *Horton v. Ballard*, No. 16-1084, 2017 WL 4712488 (W. Va. Oct. 20, 2017) (memorandum decision), this Court observed that blood found on the petitioner's jeans was determined to have Polymerase Chain Reaction markers consistent with the victim's DNA. *Id.* at *1.

[5] The petitioner provided the potential home plans, updated support letters, and the link to the YouTube video to the circuit court in November 2023.

interpretations of statutes and rules are subject to a *de novo* review. Syl. Pt. 1, *State v. Head,* 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, the petitioner argues that, in *State v. Criner*, No. 21-0793, 2022 WL 4355593 (W. Va. Sept. 20, 2022) (memorandum decision), *overruled on other grounds*, *State v. McDonald*, 250 W. Va. 532, 549 n.7, 906 S.E.2d 185, 192 n.7 (2023), this Court declined to address whether home incarceration is an available alternative sentence when the defendant is incarcerated for first-degree murder because the issue was waived. *Id.* at *4 n.2. In the petitioner's case, he focuses on the circuit court's December 21, 2023, order and argues that the court denied his Rule 35(b) motion because the court erroneously concluded that it lacked the authority to grant a request for home incarceration as alternative sentencing made by a defendant who is serving a life term of incarceration without the possibility of parole for first-degree murder. The State counters that home incarceration does not constitute an available alternative sentence when the defendant is incarcerated for first-degree murder. The State further argues that the circuit court made additional findings at the hearing that show that the circuit court properly denied the petitioner's motion even if he was eligible to be placed on home incarceration.

Findings supporting the denial of a Rule 35(b) motion can be made from the bench as well as set forth in the written order. *See State v. Redman*, 213 W. Va. 175, 180, 578 S.E.2d 369, 374 (2003) ("Upon our review of the transcript from the hearings related to the sentencing issue, we do not find that the lower court abused its discretion."). Based upon our review of both the circuit court's December 21, 2023, order and the findings the court made at the hearing, the circuit court did not reach a conclusion about whether it had the authority under the Home Incarceration Act to place a defendant serving a life term of incarceration without the possibility of parole for first-degree murder on home incarceration. Instead, while the circuit court questioned its authority to grant the relief the petitioner requested, the court ultimately denied the petitioner's motion on its merits. Therefore, like in *Criner*, we decline to address whether home incarceration is an available alternative sentence when a defendant is incarcerated for first-degree murder. In this case, we affirm the denial of the Rule 35(b) motion because the circuit court did not abuse its discretion in rejecting the petitioner's request on its merits. As Justice Cleckley stated in his concurrence in *Head*, "a Rule 35(b) motion is essentially a plea for leniency[.]" 198 W. Va. at 306, 480 S.E.2d at 515. The circuit court reviewed all of the letters the petitioner submitted, heard testimony from the petitioner's witness, watched the YouTube video in support of the petitioner's request, and considered the facts and circumstances of the petitioner's case. Thus, under the standard set forth in Syllabus Point 1 of *Head*, we conclude that the circuit court did not err in denying the motion for reduction of sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III