# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thomas Menei,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0116** (Monongalia County 18-C-124)

**Karen Pszczolkowski, Superintendent,**
**Northern Regional Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Menei appeals the November 30, 2020, order of the Circuit Court of Monongalia County denying his amended petition for a writ of habeas corpus.[1] On appeal, petitioner argues that the circuit court erred by failing to enter an order sufficient to permit meaningful appellate review. Having carefully examined the matter, we agree with petitioner on this point. Accordingly, we vacate the circuit court's November 30, 2020, order and remand this case to the circuit court for entry of an appropriate order. Because we find that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure, it is appropriate for disposition by a memorandum decision. *See* W. Va. R. App. P. 21(d).

In 1999, petitioner was tried by a jury on the crime of aiding and abetting William Rood in committing the non-aggravated robbery of a gas station in Sabraton, West Virginia, as a principal in the second degree. Mr. Rood testified against petitioner at the trial, stating that it was petitioner's idea to rob the gas station, that petitioner bought the cap gun that he (Mr. Rood) used during the robbery, and that they fled the scene together in petitioner's vehicle. Petitioner's girlfriend, Jeanette Dawson, testified on petitioner's behalf, averring that Mr. Rood told her, approximately two months before the trial, that petitioner "didn't have anything to do" with the robbery. The jury found petitioner guilty.

In 2000, petitioner was tried by a jury on an information charging him as a recidivist. Petitioner was convicted and sentenced to life imprisonment pursuant to West Virginia Code § 61-11-18(c). Petitioner's direct appeal was refused in 2001.

---

[1] Petitioner appears by counsel Dayton Meadows. Respondent Karen Pszczolkowski, Superintendent of the Northern Regional Correctional Center, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

In 2002, petitioner filed his first petition for a writ of habeas corpus in the Circuit Court of Monongalia County, which was summarily dismissed by order entered on June 18, 2002. Petitioner's appeal of the dismissal of his first habeas corpus petition was refused in 2003.

In 2018, petitioner filed a second petition for a writ of habeas corpus in the Circuit Court of Monongalia County. Petitioner included with the petition an affidavit executed by Mr. Rood in August of 2017 in which Mr. Rood averred that the police directed him to implicate petitioner in the robbery. Mr. Rood further attested that he advised a prosecutor that the police had told him to lie about petitioner's involvement in the robbery and that the police and prosecutor "knew [he] was committing perjury through [his] testimony." The circuit court appointed counsel to petitioner, and counsel filed an amended petition for a writ of habeas corpus. Relying on Mr. Rood's 2017 affidavit, petitioner argued in the amended petition that he was entitled to a new trial because the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), in three ways: (1) by failing to disclose inconsistencies during Mr. Rood's interrogation, (2) by failing to disclose Mr. Rood's statement to the individual prosecutor, and (3) by using Mr. Rood's testimony despite having been informed it was untrue. Petitioner also argued that Mr. Rood's 2017 affidavit constituted new evidence that warranted providing petitioner with a new trial. Respondent opposed the petition.

On November 30, 2020, the circuit court entered an order denying the amended petition without holding an evidentiary hearing. The order stated:

> In summary, [respondent] opined that [p]etitioner's arguments are solely based on a 2017 Affidavit of Mr. Rood and [p]etitioner, at the relevant time, was aware of possible inconsistencies. Further, [respondent] notes that the witness in question was subject to cross examination. In conclusion, [respondent] categorically denies the allegations as set forth in the Amended Petition.
>
> . . . .
>
> This Court agrees with [respondent's] position as outlined in its Response. Therefore, upon review of the representations submitted, the court file, and West Virginia law, this Court hereby DISMISSES the Petition for a Writ of Habeas Corpus.

Petitioner appeals this order, arguing that it did not contain findings of fact and conclusions of law sufficient to allow for meaningful appellate review. We have said that "rulings issued by trial courts, as a rule, must contain the requisite findings of fact and conclusions of law 'to permit meaningful appellate review.'" *State v. Redman*, 213 W. Va. 175, 178, 578 S.E.2d 369, 372 (2003) (quoting, in part, Syl. Pt. 3, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014)). Moreover, "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997). When the lack of findings of fact and conclusions of law renders us "unable to determine the basis for the court's decision and whether any error has occurred," "it is necessary

to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur." *Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010).

In this instance, the circuit court's order does not comply with syllabus point 1 of *Watson* as it fails to contain specific findings of fact and conclusions of law relating to each contention advanced by petitioner. Consequently, our review of the circuit court's decision to deny the relief requested by petitioner is hindered by the circuit court's failure to articulate its reasons for denial. Therefore, the matter must be remanded to the circuit court.[2]

For the foregoing reasons, we vacate the circuit court's November 30, 2020, order and remand the matter to the circuit court. Upon remand, the circuit court shall enter an order setting forth findings of fact and conclusions of law sufficient to comply with syllabus point 1 of *Watson* such that the Court may conduct a meaningful appellate review should petitioner elect to file another appeal.

Vacated and remanded.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead
Justice John A. Hutchison

Armstead, Justice, and Hutchison, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.

---

[2] In addition to challenging the sufficiency of the circuit court's order, petitioner argued in this appeal that the circuit court erred by denying his petition without providing him with an evidentiary hearing. Having determined that the circuit court's order is insufficient to allow meaningful appellate review, we decline to address this issue.